The opinion of the court, Nevitts J. dissenting, was delivered by
Carpenter, J.
I am clearly of opinion that the challenge to the judge, on the ground of interest, was properly overruled on the trial below. In an early case in this state, in a suit brought by the Board of justices of the county of Burlington, for the benefit of the county, against a late county collector, the then Chief Justice expressed his doubts as to the propriety of his sitting on the trial, being an inhabitant of the county whose interests were involved in the suit. The other two judges however declared their opinion, that the interest was too remote and indefinite to constitute an objection ; and the Chief Justice accordingly presided. Coxe’s Rep. 190. This case occurred before the act of 10th March, 1787, Pat. 254, by which the challenge to a judge was *466 allowed and regulated ; and perhaps, before any act existed on the subject; but the principle appears to be sound and satisfactory in its application to the present case. In giving a construction to our present act, 24th of February, 1820, Rev. Laws, 688, Elm. Dig. 264, I am of opinion, that the interest which will disqualify a judge, must be direct and immediate, and not remote and contingent; such as a mere liability to, or possibility of, future taxation. Any other construction would be harsh, constrained and technical; and would, without any just reason, merely throw impediments in the way of suits, and unnecessarily embarrass the administration of justice.
The construction of a statute depends upon the apparent intention of the Legislators, to be collected either from the particular provision or the general context; from the mischiefs intended to be remedied, and the provision of the act for remedying them, “ Verba ita sunt irftelligenda ut res magis valeat quam per eat“ Ea est aeaipienda mterpretatio, quae vitio careat id est, which does not intend a wrong. And these benignant rules of construction seem to admit an extended application. Dwarris, 688, et seq., 9 Law Lib. A more particular exposition of, or reference to, these rules, seems unnecessary to show their applicability to this case. The court will not, without strong necessity from imperative words, adopt a construction, which might shut up the courts of law and cause the failure of justice. The necessity does not exist in the present case. It is a reasonable intendment upon the words of this statute, that the interest to disqualify a judge should, if minute, at any rate be direct and immediate. The necessity of the case will warrant such construction ; in order that, after a suit has heen properly brought in a competent court, an issue found, and the cause stands ready for trial, the suit may not at this stage be stopped, and all further progress in the recovery of rights be prevented.
The challenges to the array and to the polls, although depending upon common law principles and not upon the construction of a statute, seem to stand upon much the same ground. The reasoning already expressed will in a great measure apply to them. Challenges to the favour, as respects either the array of the sheriff, or the individual jurors, stand upon a different foot *467 ing, and most depend upon the particular circumstances of each case. The effect of the circumstances, as creating a bias or partiality in the officer or the jurors, will be considered by the triors ; and such weight given to these circumstances, as the particular case will warrant. The general rule is, that jurors must be omni exeeptione majores; but the application of this rule to each particular case, where the partiality is not apparent, must be left to the sound discretion of the triors. Very slight grounds have been held sufficient to raise a challenge to the favor, and to go before the triors. Thus, in an action against a banking company, that the juror was a drawer or endorser of a note, and dependent upon the bank, for favor, triors found that he was not indifferent. It has been held that this was no ground of error. The Mechanics and Farmers Bank, &c., v. Smith, 19 John R. 115.
But in regard to principal challenges, it must be some interest, not in the question but in the event of the cause, that will be a good ground to set aside the array or disqualify the juror — an interest certain, tangible, direct; not remote or contingent. Every fine to the use of the State may affect the. interest of its citizens, as it may lessen the public taxes; bnt it is not the mere possibility of slighter taxation with no direct, immediate, legal, corporate or individual interest, that can be the ground of a principal challenge. These challenges are not based on the ground, that the persons challenged are members of the corporation, by whom the suit is brought, — as parties to the record. It is, that they, being liable to taxation, are therefore interested. These public corporations; such as counties, townships, &c., are hut quasi corporations, dependent upon public will; the inhabitants, in general, not deriving any personal or private rights under the act of incorporation ; their object being, not to grant private rights, but to regulate the manner of performing public duties. Independent therefore of statute, the inhabitants when not personally and individually interested, are held competent witnesses in all cases, in which the rights and liabilities of the corporation only are in controversy. Falls v. Belknap, 1 John R. 486. Bloodgood v. Jamaica, 12 John R. 285. Schenck v. Corshen, Coxe 189. Rex v. Prosser, 4 T. R. 17. Orange v. *468 Springfield, 1 South 186. The remarks of Kirkpatrick, C. J., in delivering the opinion of the court in the last mentioned case, in regard to the interest of a witness, are directly applicable to the case of a juror. “ All the interest, which an inhabitant of a township can have in a question like this, arises from his liability to taxation. Now it is clear that this interest is not immediate and certain, but remote and contingent only. The pauper may die or find other means of support, or the inhabitant may remove himself from the township and never become responsible. It is not a liability arising ex delicto, as in the cases of hue and cry and the not repairing highways; nor is it a direct, personal liability, as in actions of debt on amercements, imposed by way of punishment, as well as satisfaction: indeed, it is not even a liability, depending immediately upon this judgment: but it arises upon sundry contingencies to take place after the judgment, and which may or may not take place, the judgment notwithstanding. And whatever may be gleaned from the ancient books, to the contrary, it is very certain, that ever since the case of The King against Bray, the Mayor of Tentagin, decided in 1736, and repeated in Hardwick’s cases, 350, the course of decision has taken another direction ; and remote, uncertain and contingent interests have been made to go to the credit only, and not to the competency, of witnesses.” So here, the supposed interest is but the remote probability or rather possibility of being called upon to pay a tax. It is clear that this interest, if it can be so called, is not immediate and certain, but remote and contingent; and which, if it can form'the ground of challenge at all, can go only to the favor — as in the case of a witness, it can go only to his credit and not to his competency. I am of opinion that the demurrers to these challenges are also properly sustained and the challenges overruled.
The next exception urged by counsel, was to the competency of James W. Wade, the county collector, to be a witness in the cause. The interest which was supposed to disqualify him, it is argued, arises from the allowance to him of two cents on every dollar for all tax and other monies, which he shall receive and pay to the order of the corporation. Elm. Dig. 70, pl. 28. It is not on the monies of the corporation, which the collector *469 may receive and account for, or pass over to his successor, tli.it this allowance is made. It is on such as he shall also pay out on the order of the corporation, to be signed by the Director for the time being. It is evident that this is not a direct, certain, vested interest; but a contingent one, depending upon circumstances which may or may not occur; and, in my opinion, goes only to the credit and not to the competency of the witness.
The next exception was to the proof, that James W. Wade acted as Director of the Board, on the 25th of March, 1839. The law requires the collector from time to time to pay the money, by him received, to the order of the corporation, signed by the Director for the time being. Elm. Dig. 69, pl. 26. The nonpayment of money on such order, having been assigned for breach in this action, it became necessary to prove Wade to have been at that time Director. The counsel for the defendants in error proposed to the witness the following question. “ Who acted as Director of the Board on the 25th of March 1839?” The objection is, that the minutes of the Board ought to have been produced, and given in evidence to form that fact; and that parol evidence was not competent and legal. The evidence was not offered to prove the official action of the Board, which would be found recorded on their minutes. It was to prove that James W. Wade, at the time in question, acted as Director; that he was then defacto such public officer, and authorized to sign the order on the collector. I am of opinion that the question was legal and that parol evidence of the said James W. Wade having acted as such Director was sufficient.